IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV263-1-MU

| | |
|---|---|
| BILLY GENE LEDWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| GEORGE KENWORTHY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, filed June 26, 2006.

Section 2254 authorizes federal district courts to entertain petitions for habeas relief by individuals who are "in custody pursuant to the judgment of a State court." Consequently, a federal habeas court lacks authority to review convictions and sentences which expired before the federal habeas petition was filed. See Maleng v. Cook, 490 U.S. 488 (1989). Even if the expired sentence and conviction is later used to enhance the length of a current or future sentence, the custody requirement of § 2254 is not satisfied. Id.

Through his present federal habeas petition, Petitioner challenges his 1997 Union County conviction and seeks to have this Court vacate that conviction. It is not clear to the Court that Petitioner ever was incarcerated for these crimes. However, in any event he was not incarcerated

as a result of these convictions at the time he filed the instant federal habeas petition.[1]  Because Petitioner is not presently in custody for this state court conviction,[2] this Court lacks subject matter jurisdiction over Petitioner's federal habeas petition and it must be dismissed.  Id.

The Court also notes that it appears highly likely that Petitioner's federal habeas petition is untimely.[3]  The Antiterrorism and Effective Death Penalty Act (AEDPA) amended § 2254 to include a one-year limitation on the filing of a motion.  28 U.S.C. § 2244(d)(1).  Under AEDPA a petitioner must file a § 2254 motion within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The one-year limitation period, however, is tolled for the period during which a properly filed state post-conviction action is pending.  28 U.S.C. § 2244(d)(2).

Petitioner's August 4, 1997, conviction became final on or around August 18, 1997.  Petitioner's limitation periods then began to run and expired one year later in August 1998.  None of Petitioner's subsequent filings served to toll his limitation period because it had already

---

[1] Petitioner has subsequently been convicted of other crimes in state court and is currently serving a sentence of 142 to 180 months imprisonment.  His conviction and sentence were affirmed by the North Carolina Court of Appeals on July 5, 2005.  See State v. Ledwell, 171 N.C. App. 314 (2005).

[2] The Court notes that Petitioner specifically sets forth that he is challenging his 1997 Union County conviction.  Nevertheless, even if this Court construed Petitioner's federal habeas petition as attacking his present conviction by asserting that it was enhanced based upon an allegedly unconstitutional prior conviction for which the sentence has fully expired, his petition would still fail.  See Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 403 (2001)(holding that generally a petitioner may not challenge an enhanced sentence on the ground that the prior conviction which is no longer open to direct or collateral attack was unconstitutionally obtained).

[3] It also appears to the Court that Petitioner's habeas petition may be unexhausted.

expired many years earlier.  See Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000).  It thus appears that Petitioner's limitation period has expired.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

Signed: June 28, 2006

Graham C. Mullen
United States District Judge